Document Number 086  Case Number 07-C-0205-S
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
07/16/2007 11:24:42 AM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEMINI IP TECHNOLOGY, LLC,

        Plaintiff,

  v.

HEWLETT-PACKARD COMPANY,
CISCO SYSTEMS, INC., and
ADOBE SYSTEMS INCORPORATED

        Defendants.

MEMORANDUM AND ORDER
07-C-205-S

---

    Plaintiff Gemini IP Technology, LLC alleges that defendants Hewlett-Packard Company, Cisco Systems, Inc. and Adobe Systems Incorporated are infringing its United States patent no. 6,177,932 relating to network based customer service systems.  Jurisdiction is based on 28 U.S.C. § 1338.  The matter is presently before the Court on defendants' motion to transfer venue to the District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).  The following undisputed facts are relevant to the venue transfer motion.

FACTS

    Plaintiff was formed on April 2, 2007 for the purpose of accepting assignment of, and licensing and enforcing the '932 patent.  The decision to organize plaintiff as a Wisconsin entity was based in part on the desire to commence patent infringement actions in this Court.  On April 9, 2007 plaintiff accepted

assignment of the '932 patent and on April 10, 2007 it commenced this action.

Defendants are large, multinational corporations each having headquarters in the Northern District of California. Defendants' accused customer support systems are operated and managed in Northern California and employees knowledgeable about their operation are in Northern California.

The '932 patent invention was developed in Northern California and one of the inventors as well as the prosecuting patent attorney resides there. Other similar software which defendants assert to be relevant prior art was developed in Northern California.

MEMORANDUM

Defendants contend that the matter should be transferred to the Northern District of California on the basis that all remaining defendants are headquartered there and that the relevant technology and potentially relevant prior art was developed there. Plaintiff opposes the transfer suggesting that defendants are overstating the significance of alleged California witnesses and noting the potential advantages of a speedier resolution in this Court.

A motion for change of venue is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

It is undisputed that the action might have been brought in California. Accordingly, in ruling on this transfer motion the Court must consider all circumstances of the case, using the three statutory factors, "the convenience of parties and witnesses, in the interest of justice," as place holders in its analysis. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

Convenience of the Parties

It is undeniably more convenient for the parties to try this matter in the Northern District of California where each of the defendants has its headquarters. Each operates the accused infringing systems there so that employees with relevant testimony concerning the operation of those systems are located there. None of the parties have relevant information or operations in Wisconsin. Furthermore, there is nothing to suggest that Wisconsin is a convenient forum for the plaintiff in the sense of § 1404(a). The only apparent connection between plaintiff and Wisconsin is that it was organized here for purposes of establishing venue. There is no suggestion that it has employees or officers in Wisconsin or that anyone likely to give relevant testimony resides here.

Plaintiff notes that each of the defendants are large corporations capable of litigating in Wisconsin and that they have chosen to litigate matters here in the past. While this is undoubtedly true, it does not negate the fact that in this

particular matter it would be more convenient for them to litigate in California. Each case must be judged on its own practicalities. A corporation does not forfeit its right to claim greater convenience in another forum because it is large or because it has litigated here in the past.

Convenience of Witnesses

As previously discussed, California is far more convenient for the testimony of party controlled witnesses. It seems very likely that California will also be more convenient for at least some of the non-party witness who could not be expected to testify live if they reside outside the subpoena power of the trial Court. At a minimum, at least one of the inventors and prosecuting attorneys reside in the Northern District of California. Additionally, it seems far more likely, given the nature of the software industry and the development of prior art software there, that other third party witnesses with relevant testimony concerning prior art would be available in California, but not in Wisconsin. In contrast, there is nothing to suggest that Wisconsin is a convenient location for any relevant witness.

Interest of Justice

The only relevant factor favoring retention of venue in this Court is the relative speed of the dockets. This Court has often

recognized that speed is a legitimate interest of justice concern, that a less crowded docket and faster resolution time is a legitimate basis for choosing a venue, and that protection of a court's relatively uncluttered docket is not a relevant consideration in venue transfer analysis. However, the significance of this factor varies with the circumstances surrounding the case.

> As this Court has often noted, the relative speed with which an action may be resolved is a potentially important consideration in patent cases, particularly where a patent holder seeks to enjoin its competitors from using plaintiff's invention to gain a potentially irreversible advantage in the marketplace or where plaintiff seeks lost profit damages which are inherently difficult to prove. In this case, however, plaintiff does not compete against the defendants. Rather, its strategy appears to freely license its patents and it has offered to license them to each of the defendants. While a less congested docket and an earlier trial date remain considerations in the interest of justice factor, see In re National Presto Industries, Inc., 347 F.3d 662, 664 (7th Cir. 2003) they assume less weight in the present circumstances.

Guardian Media Technologies v. Mustek Systems, 440 F. Supp.2d 937, 939 (W.D. Wis. 2006). Like Guardian, plaintiff seeks reasonable royalties and can be adequately compensated for any infringement notwithstanding some delay.

In any event, even though a more prompt resolution is generally a favorable consideration in retaining venue, it does not overwhelm the other factors in the analysis. In this case, the significant improvement in the convenience of parties and witnesses which will

5

result from transfer far outweigh the limited advantage of an earlier trial date in this Court.

Accordingly,

ORDER

IT IS ORDERED that defendants' motion to transfer this matter to the United States District Court for the Northern District of California is GRANTED.

Entered this 16th day of July, 2007.

BY THE COURT:

/s/
_____
JOHN C. SHABAZ
District Judge